UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

       Plaintiff,

v.                                              Civil Case No. 23-10712
                                              Honorable Linda V. Parker

CITIBANK N.A.,

       Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION (ECF NO. 13)

Plaintiff Michael Garrison ("Plaintiff") filed this *pro se* lawsuit against Defendant Citibank N.A. ("Defendant"), alleging violations of the Fair Credit Billing Act (FCBA), 15 U.S.C § 1666, the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, the Michigan Retail Installment Sales Act, Mich. Comp. Laws § 445.851 *et seq.*, and the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903 *et seq*. (ECF No. 1 at PageID. 1-4.)

Presently before the Court is Defendant's Motion to Compel Arbitration and Stay Claims. (ECF No. 13.) The Motion has been fully briefed. (ECF Nos. 13, 15, 16, 17.) With the findings of fact and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Local

Rule 7.1(f)(2). For the reasons stated below, the Court grants Defendant's motion and stays proceedings pending the resolution of arbitration.

## I.      Factual and Procedural History

Plaintiff Garrison opened a personal credit card account with Defendant Citibank at a Home Depot store on or about October 19, 2020. (ECF. No. 13-2 at PageID. 52.) Plaintiff's Card Agreement (the "Agreement") contained an arbitration clause (the "Clause"). (*Id.* at PageID. 56-62.) The Clause stated in relevant part:

> *You or we may arbitrate* any claim, dispute or controversy between you and us arising out of or related to your Account, a previous related account or our relationship (called "Claims"). **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim**. . . .. [A]ll Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law.

(*Id.* at PageID. 59-60) (emphasis in original).

Plaintiff states that on February 3, 2021, he called Home Depot's credit card customer service number to dispute his account balance. (ECF No. 1 at PageID. 2 ¶ 2.) That same day, he wrote a letter to Home Depot credit services to dispute the account balance and that his payment made in January 2021 was not credited towards his account. (*Id.* at ¶ 3.) Thereafter, Defendant reported Plaintiff's

2

disputed credit limit to all three of the Nationwide Credit Reporting Agencies (Transunion, Experian, and Equifax). (*Id.* at ¶ 4.)

In June 2022, Defendant initiated a state court action in Michigan's 28th District Court against Plaintiff to collect unpaid credit debts (the "State Court Action"). (ECF No. 15 at PageID. 115.) On March 21, 2023, a judgment was entered in favor of Defendant for approximately $6,211.00. (ECF No. 15 at PageID. 115; *see also* ECF No. 13 at PageID. 37.)

On March 27, 2023, Plaintiff filed his five-count Complaint. (ECF No. 1.) Defendant now moves to compel arbitration between the parties, citing the Clause in the Agreement, and stay proceedings. Plaintiff opposes arbitration, arguing: (1) there was no valid contract between the parties; and (2) even if there is a contract, Defendant waived its right to arbitrate by initiating the State Court Action. (*See generally* ECF No. 15.)

Defendant argues: (1) the arbitration agreement is valid; (2) Plaintiff's claims fall squarely within the arbitration agreement; and (3) Defendant did not waive its right to arbitrate. (ECF No. 13; *see also* ECF No. 17.)

## II. Standard of Review

The Federal Arbitration Act ("FAA") requires district courts to compel arbitration of claims covered by a valid arbitration agreement. *Bazemore v. Papa John's U.S.A., Inc.*, 74 F.4th 795, 797–98 (6th Cir. 2023) (citing 9 U.S.C. § 4).

3

The party seeking arbitration must prove that such an agreement exists. *Id.* at 798 (citing *Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 839 (6th Cir. 2021)). When a party files a motion to compel arbitration, the party opposing arbitration "must show a genuine issue of material fact as to the validity of the agreement to arbitrate. The required showing mirrors that required to withstand summary judgment in a civil suit." *Great Earth Cos. v. Simons*, 288 F.3d 878, 899 (6th Cir. 2002).

When considering a motion to compel arbitration, the court must consider whether: (1) a valid arbitration agreement exists between the parties; (2) the disputes fall within the scope of the agreement; (3) Congress intended for certain federal statutory claims to be nonarbitrable; and (4) if some of the claims fall outside the scope of the arbitration agreement, if those claims will be stayed pending arbitration. *Orcutt v. Kettering Radiologists, Inc.*, 199 F. Supp. 2d 746, 750 (S.D. Ohio 2002) (citing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)).

Additionally, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Orcutt*, 199 F. Supp. 2d at 749-50. Finally, the opposing party may

4

challenge the validity of the arbitration agreement "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

### III. Applicable Law & Analysis

#### A. Choice of Law

Both federal common law and Michigan follow the Restatement (Second) of Conflict of Laws. *Compare Med. Mut. of Ohio v. deSoto*, 245 F.3d 561, 570 (6th Cir. 2001) (adopting Restatement as matter of federal common law), *with Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 528 N.W.2d 698, 702 (Mich. 1995) (adopting Restatement as matter of Michigan law).

The Restatement provides: "The law of the state chosen by the parties to govern their contractual rights and duties will be applied" unless "(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice," or "(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue." Restatement (Second) of Conflict of Laws § 187(2) (1971).

The Agreement states that "Federal law and the law of South Dakota, where [Defendant is] located, govern the terms and enforcement of this Agreement." (ECF No. 13-2 at PageID. 61.) Plaintiff attests in his affidavit that he never signed, agreed, or received any copy of the arbitration agreement prior to or after he

5

obtained the Home Depot credit card.  (ECF No. 15 at PageID. 122 ¶ 2.)  He further attests that he never would have accepted the Home Depot credit card if he knew that he would have been giving up his right to litigation and jury trial.  (*Id.* at ¶ 3.)  Plaintiff, however, does not dispute other portions of the agreement, such as that regarding which law governs.  For that reason, the Court will interpret this contract under the laws of South Dakota.

Under South Dakota law, elements essential to the existence of a contract are: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration.  *Mutual v. Texas Roadhouse Mgmt. Corp.*, 753 F. Supp. 2d 954, 959 (D.S.D. 2010) (citing S.D. Codified Laws § 53-1-2.)

### B. Consent

Plaintiff argues that a valid contract was not formed as his consent was not obtained.  (ECF No. 15 at PageID. 116.)  Mutual consent to a contract does not exist unless the parties all agree upon the same things in the same sense.  *See* S.D. Codified Laws § 53-3-3.  "There must be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding contract." *Nussbaum v. McKinney*, No. 22-04039, 2023 WL 4562025, at *6 (D.S.D. July 17, 2023).  "Its existence is determined by considering the parties' words and actions." *Read v. McKennan Hosp.*, 610 N.W.2d 782, 786 (S.D. 2000).

While Plaintiff argues that he did not sign, agree, or receive a copy of the arbitration agreement, (*see* ECF No. 15 at PageID. 122 ¶¶ 2-3), his continued use of the card made him bound to the Agreement's terms. *See McCormick v. Citibank, N.A.*, 15-46, 2016 WL 107911, at *4 (W.D.N.Y. Jan. 8, 2016) (applying South Dakota law and finding that "regular use of a credit card constitutes sufficient evidence of the card user's consent to the terms of the agreement governing the account"); *see also* S.D. Codified Laws § 54-11-9 (providing "[t]he use of an accepted credit card . . . creates a binding contract between the card holder and the card issuer"). While Plaintiff argues that he did not give his consent explicitly, his actions demonstrate that he consented to terms of the card's agreement. As a result, the elements of a valid contract between the parties have been met.

## C. Waiver

Plaintiff next argues that by initiating the State Court Action, Defendant waived its right to arbitrate in this action. (*See* ECF No. 15 at PageID. 117-20.) Defendant argues that the Agreement provides a waiver provision, which explicitly states that either party's participating in litigation does not waive the right to arbitrate. (*See* ECF No. 13-2 at PageID. 60 ("Neither you nor we waive the right to arbitrate by filing or serving a complaint, answer, counterclaim, motion, or discovery in a court lawsuit.")).

7

Waiver is "the intentional relinquishment or abandonment of a known right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022) (quoting *United States v. Olano*, 507 U.S. 725 (1994)). Courts do not lightly infer that a party has waived its right to arbitration. *United States ex rel Dorsa v. Miraca Life Sciences, Inc.*, 33 F.4th 352, 357 (6th Cir. 2022).

The Supreme Court recently held that 'prejudice' is not a condition of finding that a party waived its right to compel arbitration under the FAA. *Morgan*, 596 U.S. at 417. There are now only two elements to determine if a party waives its contractual right to arbitrate: (1) if the party knew of the right; and (2) if the party acted inconsistently with that right. *Schwebke v. United Wholesale Mortg., LLC*, No. 21-10154, 2023 WL 3901482, at *4 (E.D. Mich. June 8, 2023) (quoting *Roman v. Jan-Pro Franchising Int'l., Inc.*, 342 F.R.D. 274, 292 (N.D. Cal. 2022)). Neither party disputes whether Defendant knew of its right to arbitrate.

Plaintiff argues that Defendant's conduct in the State Court Action, a separate forum, is inconsistent with Defendant's right to arbitrate in this action. (ECF No. 15 at PageID. 118.) For support of his argument, Plaintiff cites to multiple cases from this State, District and Circuit for the proposition that engaging in the State Court Action waives the right to arbitrate. Specifically, Plaintiff cites to *Manasher v. NECC Telecom*, 310 F. App'x 804 (6th Cir. 2009); *Am. Locomotive Co. v. Gypro Process Co.*, 185 F.2d 316 (6th Cir. 1950); *Speerly v. General*

8

*Motors, LLC*, 343 F.R.D. 493 (E.D. 2023); *N.W. Mich. Constr. v. Stroud*, 462 N.W.2d 804 (Mich. Ct. App. 1990); and *Madison Dist. Public Schools v. Myers*, 637 N.W.2d (Mich. Ct. App. 2001) for this proposition.

This argument fails for two reasons. First, the contract between the parties clearly states that the filing of a complaint, answer, counterclaim, motion, or discovery does not waive either party's right to arbitrate. (*See* ECF No. 13-2 at PageID. 60.) Therefore, commencing a separate debt collection lawsuit does not waive the right to arbitration. *See Credit Acceptance Corp. v. Davisson*, 644 F. Supp. 2d 948, 957 (N.D. Ohio 2009) ("Given that Arbitration Clause contemplates a demand for arbitration being made after a lawsuit has commenced, Plaintiff's act of filing a debt-collection suit in state court is not necessarily inconsistent with reliance on the Arbitration Clause").

Second, Plaintiff misapplies the holdings of the cases he cites. While the cases do hold that engaging in litigation waives the right to arbitrate, all those cases dealt with litigation in the same matter, on the same docket. *See Am. Locomotive Co. v. Gryo Process Co.*, 185 F.2d 316, 318-19 (6th Cir. 1950) (finding that by supplementing its pleadings and asserting counterclaims, Defendant's right to arbitrate was waived); *Manasher v. NECC Telecom*, 310 F. App'x 804, 806 (6th Cir. 2009) ("NECC waived whatever right to arbitrate it may have had by failing to plead arbitration as an affirmative defense and by actively participating in litigation

9

for almost a year without asserting that it had a right to arbitration"); *Speerly v. General Motors*, 343 F.R.D. 493, 524 (E.D. Mich. 2023) ("[D]efendant has waived any right to compel arbitration by engaging in this litigation and seeking dispositive rulings from the Court on the plaintiffs' claims"); *N.W. Mich. Constr. v. Stroud*, 462 N.W.2d 804, 805 (Mich. Ct. App. 1990) ("[T]he trial court did not err in finding that defendants, by their active participation in the proceedings, had waived their right to assert arbitration as a ground for dismissal"); *Madison Dist. Public Schools v. Myers*, 637 N.W.2d 526, 596 (Mich. Ct. App. 2001) (finding right to arbitrate had been waived where "the record clearly demonstrates that for the first year and eight months of litigation plaintiff attempted to enforce the agreement consistent with the parties intent").

While Defendant did engage in litigation in the State Court Action, that matter was to collect unpaid credit card debt and would have no impact on this federal action. *Hodson v. Javitch, Block & Rathbone, LLP*, 531 F. Supp. 2d 827, 831 (N.D. Ohio 2008) ("[F]iling collection actions in municipal court . . . does not satisfy th[e] standard" to find waiver of arbitration.). Defendant has not engaged in any such pretrial litigation in this matter beyond the instant motion. The State Court Action has no impact on the Court's analysis of whether Defendant, in this action, has acted inconsistently with its right to arbitrate. *See Garcia v. Weltman, Weinberg & Reis Co. of Mich.*, No. 13-14362, 2014 WL 1746522, at *5 (E.D.

Mich. Apr. 30, 2014) ("It is clear that [Defendant]'s suit against Plaintiff to enforce her monetary obligations under the [Retail Installment Contract] was not clearly inconsistent with the terms of the Agreement to Arbitrate. . . . Numerous courts across the country have found that commencing a separate debt collection lawsuit does not, on its own, waive the right to arbitration.").

Here, Defendant timely asserted its right to arbitrate and did not take any action inconsistent with that right, such as filing a motion to dismiss on the merits. Defendant's debt-collection action in State court did not waive this right. Furthermore, the Agreement between the parties allows for either party to participate in a lawsuit without waiving its right to arbitrate. As a result, Defendant has not waived its right to engage in arbitration.

### D. Remaining Elements

The Court, having found that a valid arbitration agreement exists between the parties, looks to the remaining elements: (1) whether the disputes fall within the scope of the agreement; (2) whether Congress intended for certain federal statutory claims to be nonarbitrable; and (3) if some of the claims fall outside the scope of the arbitration agreement whether those claims will be stayed pending arbitration. *Orcutt*, 199 F. Supp. 2d at 750 (S.D. Ohio 2002).

Looking at the agreement, it states that the parties "may arbitrate any claim, dispute or controversy between you and us arising out of or related to your

Account, a previous related account or our relationship." (ECF No. 13-2 at PageID. 59.)  It further states that "all Claims are subject to arbitration, no matter what legal theory . . . including Claims based on contract." (*Id.* at PageID. 60.)  Moreover, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983).  While Plaintiff disputes Defendant's right to arbitrate, Plaintiff does not dispute that his claims fall within the arbitration agreement.  For the reasons stated above, the Court concludes that the parties' dispute falls within the scope of the Agreement.

Furthermore, Plaintiff has not demonstrated that any of its claims are nonarbitrable.  *See Nykoriak v. Experian Info. Sols., LLC*, No. 21-12227, 2022 WL 4455548, at *4, (E.D. Mich. Sept. 23, 2022) ("Congress did not intend FCRA or FCBA claims to be non-arbitrable"); *Patel v. Citibank Corp.*, No. 18-13996, 2019 WL 3928452, at *3 (E.D. Mich. Aug. 20, 2019) (citation omitted) ("Congress did not intend FDCPA claims to be non-arbitrable [and] courts routinely permit such claims").  Thus, Congress intended for Plaintiff's claims to be arbitrable. Plaintiff has not demonstrated otherwise.

Finally, the FAA provides that:

12

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement**, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). Defendant has moved to stay Plaintiff's claims pending the result of arbitration. Because the Court concludes that the arbitration agreement is valid and enforceable, the Court is staying the case pending the resolution of arbitration.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Compel Arbitration (ECF No. 13) is **GRANTED**; and

**IT IS FURTHER ORDERED** that this case is **STAYED**, and the parties shall submit all of their claims to arbitration.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 22, 2024

13